**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
at KANSAS CITY**

| | |
|---|---|
| BRAD MUHL | ) |
| | ) |
| and | ) |
| | ) |
| JOHN F. EDGAR, | ) |
| | ) |
| *Individually, and on behalf of* | ) |
| *all others similarly situated,* | )    Case No. `11-cv-2432 WEB/KMH` |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ERUCES, INC. | ) |
| | ) |
| and | ) |
| | ) |
| BASSAM KHULUSI | ) |
| | ) |
| and | )    ***Jury Trial Demanded*** |
| | ) |
| ROBERT J. ECKHOLT | ) |
| | ) |
| and | ) |
| | ) |
| SAM KHULUSI | ) |
| | ) |
| and | ) |
| | ) |
| PC MALL, INC., | ) |
| | ) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT**

Come now plaintiffs, individually and on behalf of all others similarly situated, and

for their claims against defendants, state and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Brad Muhl ("Muhl") is, and at all pertinent times herein was, a resident of Kansas.  He purchased shares of Series A and B Preferred stock of Eruces and is, and at all times pertinent herein was, an owner of shares of the stock of Eruces.

2.     Plaintiff John F. Edgar ("Edgar") is, and at all pertinent times herein was, a resident of Kansas.  He is, and at all times pertinent herein was, a holder of a Convertible Debenture on which defendant Eruces, Inc. ("Eruces") is the obligor, and is and was an owner of common stock in Eruces.

3.     Defendant Eruces is a foreign for-profit corporation registered and licensed to do business in Kansas, with its principal place of business at 11142 Thompson Avenue, Lenexa, Kansas.  Defendant Eruces purports to be a developer of software which provides data security for businesses.

4.     Defendant Bassam Khulusi is a founder and the President and Chief Executive Officer of Eruces.  On information and belief, he is, and at all pertinent times herein was, a resident of Kansas.  At all pertinent times, he was acting as an agent of Eruces, Inc. as well as Defendants Sam Khulusi and PC Mall, Inc.

5.     Defendant Robert J. Eckholt ("Eckholt") is Chief Financial Officer and a director of Eruces.  He is, and at all pertinent times herein was, a resident of Kansas.  At all pertinent times, he was acting as an agent of Eruces, Inc. as well as Defendants Sam Khulusi and PC Mall, Inc.

6.     Defendant Sam Khulusi is or was secretary and a director of Eruces, and is a founder and the President and CEO of PC Mall, Inc.  On information and belief, he is a resident of California.  At all pertinent times alleged herein, he acted individually and within the course and scope of his agency and/or employment with PC Mall, Inc.  He individually

2

and/or through his agents referenced herein purposely availed himself of the rights, benefits and laws of the state of Kansas and subjected himself to the jurisdiction of this Court by the conduct alleged in this Complaint.

7.      Defendant PC Mall, Inc. ("PC Mall") is a foreign corporation with its principal place of business in California.  At all pertinent times alleged herein, it acted by and through its agents and/or employees, including but not limited to Sam Khulusi, Bassam Khulusi and Robert J. Eckholt.  Through its agents referenced herein, PC Mall purposely availed itself of the rights, benefits and laws of the state of Kansas and subjected itself to the jurisdiction of this Court by the conduct alleged in this Complaint.

8.      Jurisdiction is appropriate in this Court pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.  Claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder by the SEC, including Rule 10b-5 (17 CFR § 240.10b-5).  Subject matter jurisdiction also exists over the related state law claims set forth herein pursuant to 28 U.S.C. § 1367.

9.      Defendants are subject to personal jurisdiction in this Court because they personally, and by the actions and omissions of their agents, performed the wrongful acts which give rise to these claims in Kansas.

10.     Venue is proper in this judicial district pursuant to the Exchange Act and 28 U.S.C. § 1391(b), because many of the acts and omissions which form the basis of these claims occurred in this judicial district.  Further, Eruces maintains its principal place of business within this judicial district, and defendants Bassam Khulusi and Robert J. Eckholt reside within this judicial district.

## BACKGROUND FACTS

11.     Eruces was founded in or around 1999, by Bassam Khulusi and others in his family.

12.     Thereafter, in an effort to generate capital funds, Bassam Khulusi, Robert Eckholt and others began to solicit capital investments in the business from private individuals.  These solicitations were commonly made through in-person meetings with the targeted potential investor.

13.     Bassam Khulusi, Eckholt and others solicited and obtained capital investment in Eruces by convincing individuals to purchase preferred and common stock in Eruces, as well as by convincing individuals to loan the company funds in exchange for receipt of convertible debentures, on which Eruces was the obligor.

14.     In connection with these capital solicitations, Bassam Khulusi, Eckholt and others routinely and repeatedly made representations about material facts, including but not limited to Eruces' financial health, corporate intentions and business prospects which they knew were false, including:

> a.     that Eruces had an imminent deal with IBM by which IBM would purchase all or substantially all of the assets of Eruces at a substantial profit to the stockholders;
>
> b.     that Eruces had an imminent deal with Cisco by which Cisco would purchase all or substantially all of the assets of Eruces at a substantial profit to the stockholders;
>
> c.     that IBM, Cisco and companies of similar stature had entered into confidentiality agreements with Eruces enabling the companies to

perform the requisite due diligence on Eruces in connection with the imminent purchase of Eruces' stock;

d.    that Eruces had an imminent deal with the United States Department of Defense by which the Department of Defense was going to commit a substantial amount of financial resources to the purchase of Eruces' software and product support;

e.    that Eruces has a confidentiality agreement with the United States government that limits the information about Eruces' business operations and finances that Eruces can provide to its shareholders;

f.    that a sale of Eruces assets at a substantial profit was imminent;

g.    that monies invested would be used to support Eruces' business operations and to support and grow Eruces as a company;

h.    that the investment in Eruces was safe and was backed by the Khulusi family; and

i.    other fraudulent misrepresentations that will be learned through discovery.

15.    These misrepresentations were made separately and independently, on numerous occasions, by Bassam Khulusi, Robert Eckholt, and other Eruces agents/employees, and they intended for Lead Plaintiffs and the other members of the Class to rely on their representations when considering investment in Eruces.

16.    By way of example, on June 25, 2003, defendant Eckholt met with Lead Plaintiff Muhl in Leawood, Kansas, in an effort to induce continued investment by Mr. Muhl in Eruces.  At that meeting, defendant Eckholt advised Mr. Muhl that a sale of Eruces stock

was imminent, and that the sale would close within a matter of weeks at a substantial profit considering the sales price offered to Mr. Muhl.

17.     By way of further example, on June 16, 2004, defendant Eckholt met with Lead Plaintiff Edgar at a restaurant on the Country Club Plaza in Kansas City, Missouri, in which he represented to Mr. Edgar that Eruces had obtained a commitment from the United States government to enter into one or more large purchase agreements with Eruces, and that this government interest in Eruces' products was the catalyst making a sale of Eruces imminent.  Defendant Eckholt further stated that, when sold, the sale of Eruces was to be at a value of $10 per share of Eruces common stock.  At that meeting, Mr. Edgar invested $50,000 in Eruces in exchange for the Convertible Debenture, and further invested $4,500 in Eruces common stock at $.03 per share.  The $4,500 in stock was requested by defendant Eckholt to be made by way of check payable to Bassam Khulusi.  Lead Plaintiff Edgar was assured by defendant Eckholt that the investment in Eruces was safe because it was backed by the wealthy Khulusi family.

18.     Defendants Bassam Khulusi, Eckholt and Sam Khulusi took portions of the capital that was invested in Eruces by Lead Plaintiffs and the other members of the Class, whether by way of preferred or common stock purchase or convertible debenture, and from time to time would transfer those funds to PC Mall, Inc., in an effort to inflate PC Mall's financial reports, rather that use the capital to support Eruces' business operations as they represented would be done in their solicitations.

19.     Eruces' business has dwindled over time, and today Eruces stands in default on most, if not all, of the convertible debentures, and the holders of Eruces preferred and common stock are unlikely to receive any return on their investment.

20.     Defendants never intended to utilize the capital raised in their solicitations described above to support and/or grow Eruces' business operations; rather, they intended and did use those funds to support themselves personally and to support the Khulusi family's other business operations, including PC Mall.

21.     Defendants had motive to fraudulently induce Lead Plaintiffs' and the other members of the Class' investment in Eruces because defendants intended to use the invested monies from Lead Plaintiffs and the other members of the Class for their own personal benefit, to provide capital which would have otherwise been unavailable to pay their own wages, and to support other Khulusi family interests, including but not limited to PC Mall, Inc., and defendants knew that if Lead Plaintiffs and the other members of the Class were provided with all true, accurate and complete information about Eruces' financial condition and business prospects, Lead Plaintiffs and the other members of the Class would not invest in Eruces.

22.     Defendants had opportunity to fraudulently induce Lead Plaintiffs' and the other members of the Class' investment in Eruces because they were corporate officers, directors, and insiders with access to all inside information regarding Eruces' finances and business operations and prospects, and because they were personally involved in the solicitation of private equity investments from Lead Plaintiffs and the other members of the Class.

23.     Defendants' misrepresentations were knowing and/or reckless, in that defendants had actual knowledge of the truth of the matters represented and possessed all information that would establish the truth or falsity of all matters pertaining to Eruces' finances and business operations and prospects, yet defendants misrepresented this

information in an effort to generate private equity investments from Lead Plaintiffs and the other members of the Class in the form of stock purchases and/or debenture investments.

24.     The frauds, misrepresentations and material omissions described herein continued over time and continues to this day.  It was only recently discovered by Lead Plaintiffs, and may still not be known by many members of the Class.  For these reasons, this action is filed timely and is not barred by any applicable statute of limitation.

## LEAD PLAINTIFFS' CLASS ACTION ALLEGATIONS

25.     Lead plaintiffs Brad Muhl and John F. Edgar bring this class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other persons who purchased or otherwise acquired Eruces preferred and common stock and/or convertible debentures.

26.     This action may properly be maintained as a class action as a result of the following facts:

    a.  The members of the Class for whose benefit this action is brought are located throughout the United States, and are so numerous that joinder of all members of the putative Class is impracticable;

    b.  Lead Plaintiffs' claims are typical of the claims of the other members of the Class, and plaintiffs and all members of the Class sustained damages as a result of the defendants' wrongful acts and omissions alleged herein;

    c.  Lead Plaintiffs are representative parties who will fairly and adequately protect the interests of the other members of the Class, and has retained counsel experienced in complex litigation and competent to handle this action;

    d.  A class action is superior to all other available methods for the fair and efficient adjudication of the claims asserted herein, because joinder of all members is impracticable.  Further, because the damages suffered by certain individual class members may be relatively small, the expense and burden of litigating these relatively small but complex claims individually make it virtually impossible for all Class members to separately redress the wrongs done to them; the likelihood of individual Class members prosecuting separate claims is remote;

    e.  Lead Plaintiffs anticipate no unusual difficulties in the management of this action as a class action; and

    f.  The questions of law and fact common to members of the Class predominate over any questions affecting any individual members of the Class.

27.   The questions of law and fact which are common to the Class include, among others:

    a.  Whether the federal securities laws were violated by the Defendants' acts as alleged in this Complaint;

    b.  Whether the representations made by defendants during their solicitations omitted or misrepresented information about Eruces' financial condition and/or business prospects;

    c.  Whether defendants failed to correct previously issued statements they knew to be false or they recklessly disregarded the truth or falsity of their statements;

d. Whether defendants failed to disclose material, adverse information at a time when they were in possession of it;

e. Whether defendants acted with knowledge or reckless disregard for the truth in omitting and/or misrepresenting material facts;

f. Whether defendants participated in and pursued the common course of conduct alleged herein; and

g. Whether the members of the Class have sustained damages and, if so, what is the proper measure or method of measurement thereof.

## COUNT I
## VIOLATION OF § 10(b) OF THE EXCHANGE ACT

28.     Lead Plaintiffs incorporate herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

29.     Defendants, individually and in concert, engaged in a common plan, scheme, and course of conduct described above, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and a course of conduct which operated as a fraud on Lead Plaintiffs and the other members of the Class, and made various false statements of material facts and omitted material facts in their communications to Lead Plaintiffs and the other members of the Class.

30.     Defendants Bassam Khulusi and Eckholt, as executive officers and/or directors of Eruces, had actual knowledge of the falsity of the material statements described above, and intended to deceive Lead Plaintiffs and the other members of the Class or, in the alternative, acted with reckless disregard for the truth by failing to ascertain and disclose the true facts in the statements made by them as part of their solicitations of Lead Plaintiffs and the other members of the Class as described above.

31.     The facts alleged herein compel a strong inference that the defendants made material false and misleading statements to Lead Plaintiffs and the other Class members with scienter, in that defendants knew the statements they made as described above were materially false and misleading, and they knowingly and substantially participated or acquiesced in such statements as primary violators of the federal securities laws.

32.     In ignorance of the falsity of the reports and statements made by defendants, and defendants' deceptive and manipulative devices and contrivances, Lead Plaintiffs and the other members of the Class reasonably relied, to their detriment, on defendants' statements and representations described above in making their investments in Eruces, by way of stock purchases and/or debenture.

33.     Had Lead Plaintiffs and the other members of the Class known of the material misstatements and misrepresentations of defendants described above, they would not have made the investments in Eruces that they did.

34.     As a direct and proximate result of the wrongful conduct alleged herein, Lead Plaintiffs and the other members of the Class have suffered damages in an amount to be established at trial.

35.     By reason of the foregoing, defendants have violated § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and are liable to Lead Plaintiffs and all members of the Class for the substantial damages they suffered in connection with their investment in Eruces.

## COUNT II
## VIOLATION OF THE KANSAS
## UNIFORM SECURITIES ACT, K.S.A. § 17-12A501

36.     Plaintiffs incorporate herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

37.     As set forth herein, defendants directly or indirectly, knowingly or recklessly, by use of the means or instrumentality of interstate commerce, or of the mails, or of the facilities of a national security exchange in connection with the purchase or sale of securities: (a) have employed schemes and artifices to defraud Lead Plaintiffs and others; (b) have made untrue statements of material fact, and have omitted and failed to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and (c) have engaged in transactions, acts, practices and courses of business which operated or would operate as a fraud or deceit upon purchasers of securities.

38.     Defendants repeatedly made false statements to Lead Plaintiffs and the other members of the Class about material facts, including but not limited to Eruces' financial health, corporate intentions and business prospects which they knew were false, including:

        a.      that Eruces had an imminent deal with IBM by which IBM would purchase all or substantially all of the assets of Eruces at a substantial profit to the stockholders;

        b.      that Eruces had an imminent deal with Cisco by which Cisco would purchase all or substantially all of the assets of Eruces at a substantial profit to the stockholders;

        c.      that IBM, Cisco and companies of similar stature had entered into confidentiality agreements with Eruces enabling the companies to

perform the requisite due diligence on Eruces in connection with the imminent purchase of Eruces' stock;

d.     that Eruces had an imminent deal with the United States Department of Defense by which the Department of Defense was going to commit a substantial amount of financial resources to the purchase of Eruces' software and product support;

e.     that Eruces has a confidentiality agreement with the United States government that limits the information about Eruces' business operations and finances that Eruces can provide to its shareholders;

f.     that a sale of Eruces assets at a substantial profit was imminent;

g.     that monies invested would be used to support Eruces' business operations and to support and grow Eruces as a company;

h.     that the investment in Eruces was safe and was backed by the Khulusi family; and

i.     other fraudulent misrepresentations that will be learned through discovery.

39.     Defendants acted with either a conscious intent to defraud Lead Plaintiffs and the other members of the Class or a high degree of recklessness in making these false representations.

40.     The facts described in detail above demonstrate a strong inference of defendants' wrongful state of mind or high degree of recklessness in misrepresenting the truth of the matter in order to induce Lead Plaintiffs' and the other members of the Class' investment in Eruces.

41.     Defendants benefitted as alleged above, including but not limited to the ways described in paragraphs 11-24.

42.     Lead Plaintiffs' and the other members of the Class' decisions to invest in Eruces stock and debentures were made as a result of defendants' false and misleading statements discussed in detail above.

43.     Lead Plaintiffs and the other members of the Class relied on the misrepresentations and deception discussed above in investing in Eruces stock and debentures.

44.     As a direct and proximate result of defendants' misrepresentations and actions, Lead Plaintiffs and the other members of the Class have suffered a severe economic loss by investing money into a failing company which is in default on its obligations to its investors and others.

45.     By reason of the foregoing, defendants, directly or indirectly, have violated K.S.A. §17-12a501.

## COUNT III
## BREACH OF CONTRACT
### (Defendant Eruces, Inc.)

46.     Plaintiffs incorporate herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

47.     In exchange for funds paid to Eruces, Inc. by Lead Plaintiff John F. Edgar and other members of the Class, Eruces issued convertible debentures by which Eruces promised and agreed to repay the principal amount of the debenture on a date certain, and to pay interest on the principal amount of the debenture quarterly between the date of issuance of the debenture and the date of maturity, redemption or conversion.

48.     The terms of the convertible debentures also provided that Eruces would be in default under the debenture agreement upon the following events:

        (a)    default in the payment of any interest upon the convertible debenture when it became due and payable, with a 15 day grace period to cure; or

        (b)    default in the payment of the principal amount of the convertible debenture when it became due and payable; or

        (c)    failure to issue the holder of the convertible debenture Eruces stock upon exercise by the holder of his/her conversion rights; or

        (d)    a voluntary or involuntary bankruptcy.

49.     In the event of default, the terms of the convertible debentures provided that the principal plus accrued interest would become immediately due and payable, and the holder's right to such relief would be entitled to enforce these rights by filing a lawsuit.

50.     Eruces, Inc. is in default on its obligations under the convertible debentures issued to Lead Plaintiff John F. Edgar and the other members of the Class holding convertible debentures because it has failed and refused to make interest payments and has failed to make payments of the principal amounts of the convertible debentures when they became due and payable.

51.     By its failures described above, Eruces, Inc. is in default of the convertible debenture contracts with Lead Plaintiff John F. Edgar and the other members of the Class holding convertible debentures.

52.     As a result of Eruces, Inc.'s breach of these contracts, Lead Plaintiff John F. Edgar and the other members of the Class holding convertible debentures have suffered

damages in an amount equal to the principal amount of these convertible debentures plus the accrued and unpaid interest on these convertible debentures.

## COUNT IV
## FRAUD

53.     Lead Plaintiffs incorporate herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

54.     As set forth in detail above and specifically incorporated herein by reference, Defendants made false and blatant misrepresentations to Lead Plaintiffs and the other members of the Class, and withheld and remained silent about material information in their communications with Lead Plaintiffs and the other members of the Class.

55.     These false representations and withheld material information concerned Eruces' financial condition, business operations and business prospects.

56.     These false representations and withheld material information further concerned Eruces' intended use of the invested funds, and specifically that the funds would be utilized to support Eruces' business operations.  At no time did defendants inform Lead Plaintiffs and the other members of the Class that the invested funds, or portions of them, would be utilized to support the finances and/or business operations of other Khulusi family interests, such as PC Mall, Inc.

57.     Each and every one of these representations was false.

58.     Even though Defendants knew that their representations were false at the time that the representations were made, and that the information they supplied was incomplete and lacking material, adverse information, Defendants intended for Lead Plaintiffs and the other members of the Class to rely upon the representations and the incomplete information.

59.     The representations made and incomplete information provided by defendants were material to Lead Plaintiffs' and the other members of the Class' decisions to invest in Eruces, both by preferred and common stock ownership and by debenture investment.

60.     Lead Plaintiffs and the other members of the Class did not know, nor could they discover, that defendants' statements were false and incomplete.

61.     Lead Plaintiffs and the other members of the Class justifiably relied upon defendants' misrepresentations and incomplete information.

62.     Defendants' actions were done in a willful, deliberate, wanton, and malicious manner and without regard to the truth or falsity of its statements and actions.

63.     As a result of defendants' actions, Lead Plaintiffs and the other members of the Class have been severely damaged in a significant amount to be determined at trial.

## COUNT V
## BREAD OF FIDUCIARY DUTY
### (Defendants Bassam Khulusi and Robert J. Eckholt)

64.     Plaintiffs incorporate herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

65.     Defendants Bassam Khulusi and Robert J. Eckholt are, and were at all pertinent times, officers and directors of defendant Eruces, Inc.

66.     As officers and directors of the company, these defendants owed Lead Plaintiffs and the other members of the Class a strict and high fiduciary duty to act in the best interests of Eruces, Inc. and Lead Plaintiffs and the other members of the Class as shareholders and debenture holders.

67.     These defendants knowingly and intentionally breached their fiduciary duties by their conduct described above.

68.     Defendants' actions were done in a willful, deliberate, wanton, and malicious manner.

69.     As a result of defendants' actions, Lead Plaintiffs and the other members of the Class have been severely damaged in a significant amount to be determined at trial.

## COUNT VI
## TORTIOUS INTERFERENCE
### (Defendants Bassam Khulusi, Sam Khulusi, PC Mall, Inc., and Robert J. Eckholt)

70.     Plaintiffs incorporate herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

71.     Lead Plaintiffs and the other members of the Class had an existing contractual relationship with Eruces, Inc., as well as a prospective business advantage or relationship.

72.     Defendants Bassam Khulusi, Sam Khulusi, PC Mall, Inc., and Robert J. Eckholt knew of these existing and prospective contractual and business relationships.

73.     These defendants intentionally and without justification interfered with these existing and prospective contractual and business relationships by their acts and omissions as described herein and above.

74.     But for these defendants' intentional interference with these existing and prospective contractual and business relationships, Lead Plaintiffs and the other members of the Class were reasonably certain to have continued in these existing and prospective contractual and business relationships and to have realized the economic benefit expected of these relationships.

75.     Defendants' actions were done in a willful, deliberate, wanton, and malicious manner.

76.     As a result of defendants' actions, Lead Plaintiffs and the other members of the Class have been severely damaged in a significant amount to be determined at trial.

**COUNT VII**
**CIVIL CONSPIRACY**
***(Defendants Bassam Khulusi, Sam Khulusi and Robert J. Eckholt)***

77.     Plaintiffs incorporate herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

78.     Defendants Bassam Khulusi, Sam Khulusi and Robert J. Eckholt conspired together to perpetrate the fraud on Lead Plaintiffs and the other members of the Class, to commit the tortious interference with Lead Plaintiffs' and the other members of the Class' business relationships and expectancies, and to commit the breach of fiduciary duty, all as described above.

79.     There was a meeting of the minds among these defendants to perpetrate this fraudulent scheme, tortious interference and breach of fiduciary duty in order obtain funds to benefit them personally and to benefit other Khulusi family businesses, including PC Mall, Inc.

80.     In furtherance of their conspiracies, these defendants perpetrated the fraudulent scheme, tortuous interference and breach of fiduciary duty described above.

81.     These conspiracies, and Defendants' actions in furtherance of these conspiracies, were done in a willful, deliberate, wanton, and malicious manner.

82.     As a result of defendants' conspiracies and actions in furtherance of these conspiracies, Lead Plaintiffs and the other members of the Class have been severely damaged in a significant amount to be determined at trial.

WHEREFORE, Lead Plaintiffs, on behalf of themselves and all other members of the Class, demands judgment against defendants as follows:

a.      A determination by this Court that this action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23;

b.      A certification by this Court of Lead Plaintiffs as the Class Representatives and their counsel as Lead Class Counsel;

c.      A determination that the defendants violated the federal and state securities laws and committed breach of contract, fraud, breach of fiduciary duty, tortious interference and civil conspiracy by reason of their conduct alleged herein;

d.      An award of compensatory and exemplary or punitive monetary damages against all of the defendants;

e.      An award to Lead Plaintiffs of the costs, expenses and disbursements incurred in prosecuting this action, including reasonable attorneys' fees and other recoverable expenses of litigation; and

f.      An award to Lead Plaintiffs and the other members of the Class of such other and further relief as the Court may deem just and proper under the circumstances.

## JURY TRIAL DEMAND

A trial by jury on all issues triable by jury is hereby demanded.

## DESIGNATION OF PLACE OF TRIAL

Kansas City is hereby designated as the place of trial.

*Respectfully submitted by,*

**PROTZMAN LAW FIRM, LLC**


/s/ Andrew B. Protzman
Andrew B. Protzman, KS No. 18015
1100 Main Street
Suite 2550
Kansas City, Missouri 64105
(816) 421-5100
(816) 421-5105
andy@protzmanlaw.com

***Attorneys for Plaintiff***